UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHANEKA COOKS | * | CIVIL ACTION NO: 23-1349 |
| | * | |
| VERSUS | * | JUDGE: ELDON B. FALLON |
| | * | |
| CADENCE OF ACADIANA, INC. | * | |
| | * | MAGISTRATE: KAREN WELLS |
| | * | ROBY |
| | * | |

*************************************************************************

**ORDER AND REASONS**

Before the Court is a motion by Defendant Cadence of Acadiana, Inc.'s ("COA") for Partial Summary Judgment, R. Doc. 12. The party filed this motion on August 17, 2023. Plaintiff has responded and does not oppose the Motion, R. Doc. 13. Having considered the briefing and the applicable law, the Court rules as follows.

**I.      BACKGROUND**

This action arises from Defendant COA's alleged firing of Plaintiff Shaneka Cooks after she incurred several absences due to her infant's healthcare needs. R. Doc. 1 at 1-2. Plaintiff sued Defendant for alleged violations under Title VII of the Civil Rights Act ("CRA"), the Pregnancy Discrimination Act of 1978 ("PDA"), the Louisiana Employment Discrimination Law ("LEDL"), and the Americans with Disabilities Act of 1990 ("ADA"). *Id.* at 1.

Plaintiff worked as a support coordinator for Defendant from March 1, 2017, to January 17, 2018. *Id.* at 5. Defendant provides vocational rehabilitation services throughout Louisiana to consumers and families with special needs. *Id.* Plaintiff gave birth to her daughter on November 20, 2018. *Id.* at 6. Her baby was born with a cleft pallet, a complication Defendant allegedly

knew about. *Id.* On January 16, 2019, two days after Plaintiff returned from maternity leave, Plaintiff's daughter fell ill and had to be taken to the emergency room. *Id.* at 6-7. Plaintiff notified her supervisor via text message at 5:30 a.m. that day about her daughter's illness and Plaintiff's need to miss work. *Id.* at 7.

Her supervisor responded via text wishing Plaintiff's daughter well and informing Plaintiff that she would be rescheduling Plaintiff's appointments for the day. *Id.* at 7. After this text message correspondence, Plaintiff and her supervisor spoke twice on the phone. *Id.* During the first phone call, her supervisor allegedly expressed concern about, and made comments related to, Plaintiff's status as a new mother. *Id.* The conversation allegedly concluded with her supervisor informing Plaintiff that she needed to either resign or be terminated. *Id.* During the second phone call, Plaintiff allegedly advised her supervisor that she would not resign and that she had acquired additional childcare (Plaintiff's mother). *Id.* at 8. Despite this solution, her supervisor apparently informed Plaintiff that she was no longer an employee of defendant and should arrange to pick up her belongings from her work station. *Id.*

After her dismissal, Plaintiff stated that she applied to many other jobs but was unsuccessful. *Id.* at 11. As a result, she alleged that her car was repossessed and her bank cancelled her checking account and credit card. *Id.* at 11-12. She also lost her health care and incurred many personal expenses on behalf of her daughter's medical condition. *Id.* at 11. Plaintiff was allegedly unable to find additional employment until March of 2020, when she was hired at a gas station. *Id.* at 12. Plaintiff alleges that she was not able to find a full-time job commensurate with her education level (bachelor's degree) with employment benefits until April of 2022, more than three years after her termination. *Id.*

Plaintiff first filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 16, 2019. *Id.* at 3. The EEOC performed a three-year investigation into Plaintiff's charge. *Id.* At the conclusion of this lengthy investigation, a "Determination of Reasonable Cause" was issued by the EEOC in September of 2022. *Id.* at 4. Subsequent conciliation efforts between Plaintiff and Defendant before the EEOC were unsuccessful. *Id.* The EEOC issued Plaintiff a Right to Sue Notice on November 9, 2022, and the Parties entered into a series of Tolling Agreements mutually agreeing to extend the statute of limitations. *Id.* Plaintiff alleges that she has exhausted her remedies with the EEOC and therefore has fully complied with all prerequisites to jurisdiction in this Court pursuant to Title VII of the Civil Rights Act, as codified by the Pregnancy Discrimination Act and the Americans with Disabilities Act of 1990. *Id.*

Plaintiff argues that she is entitled to back pay, front pay, lost benefits, loss of value of retirement plan, compensation for emotional distress and anxiety, liquidated/punitive damages, attorney's fees, and such other legal and/or equitable relief to which she may be entitled as a matter of law. *Id.* at 13. Plaintiff also asks this Court for a jury trial. *Id.* at 17.

In response, Defendant largely denies Plaintiff's substantive claims. R. Doc. 6 at 1-10. Defendant's affirmative defenses include, but are not limited to: (1) Defendant did not terminate Plaintiff, Plaintiff resigned; (2) Defendant had legitimate, non-discriminatory reasons for the actions of which Plaintiff complains; (3) Plaintiff's claims are limited by the scope of the Charge of Discrimination she filed with the EEOC; (4) Plaintiff cannot prove Defendant was motivated to take any alleged adverse action against her based on her sex, pregnancy, childbirth, or related medical conditions, or based on any alleged disability; (5) Plaintiff is not disabled so she cannot obtain relief under the ADA; (6) the damages about which Plaintiff complains were not caused

by Defendant; (7) Defendant did not act with reckless disregard for Plaintiff's right to be protected from discrimination. *Id.* at 10-12.

## II.     PRESENT MOTION

In its motion, Defendant moves this Court to enter partial summary judgment in its favor dismissing Plaintiff's claim for violating the LEDL, La. Rev. Stat. §23:301 *et. seq*. R. Doc. 12. Defendant argues that nonprofit corporations do not fall under the category of "employers" as defined by the LEDL. *Id.* As a matter of law, Defendant further argues that because it is a nonprofit corporation, it is not liable to the Plaintiff under the LEDL. *Id.*

In response, Plaintiff filed a Memorandum of No Opposition to the Defendant's motion. R. Doc. 13.

## III.    APPLICABLE LAW

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. Proc. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399. If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party

"must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265. If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## IV.   DISCUSSION

Defendant argues that it is excluded from the LEDL's definition of "employer" because it is a nonprofit corporation. R. Doc. 12-1. at 1-2. Relevant portions of The LEDL explain that it is inapplicable to "[e]mployment of an individual by . . . any nonprofit corporation." La. Rev. Stat. §23:302(2)(b). Defendant provided a sworn declaration by the Executive Director of COA, in which she states that "COA is a Louisiana nonprofit corporation." R. Doc. 12-2. at 1. Because the LEDL is inapplicable to nonprofit corporations and the Defendant is a nonprofit corporation, Defendant thus urges the Court to grant partial summary judgment in its favor and dismiss the Plaintiff's claim under the LEDL.

Plaintiff does not contest the facts stated above. R. Doc. 13.

Based on the evidence in the record, "there is no genuine issue as to any material fact" regarding Defendant's Motion for Partial Summary Judgement. Accordingly, Defendant's Motion for Partial Summary Judgment, R. Doc. 12, is hereby **GRANTED**.

New Orleans, Louisiana, this 18th day of September, 2023.

_____
United States District Judge